131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry W. WIGGIN, Plaintiff/Appellant,
v.
SIGNODE CORPORATION, a foreign corporation, Defendant-Appellee.
 No. 96-35646.
 United States Court of Appeals, Ninth Circuit.
 Nov. 20, 1997.
 
 Appeal from the United States District Court For the District of Oregon, Nos. 96-35646 and CV-00067-JEJ; John Jelderks, Magistrate Judge, Presiding.
 Before CANBY, T.G. NELSON AND KLEINFELD, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Henry W. Wiggin sued his former employer, Signode Corp., over his discharge. He alleged that: (1) Signode engaged in age discrimination in violation of Or.Rev.Stat. § 659.030; (2) Signode breached an implied contract in violation of Oregon law; and (3) Signode violated ERISA, 29 U.S.C. §§ 1001-1406, by terminating him in order to avoid the payment of benefits. The district court granted Signode's motion for summary judgment on all claims. We affirm.
 
 I.
 
 3
 We need not set forth all of the facts relevant to Wiggin's claims because the parties are familiar with them. Wiggin was fifty-two years old when Signode fired him from his sales representative job. He had worked for Signode from 1969 until 1993. For about a year before his termination, Signode repeatedly informed Wiggin of its dissatisfaction with his performance. During the fall of 1993, Signode consolidated Wiggin's sales territory with another sales territory. Signode then told Wiggin that it planned to terminate him because of the consolidation. Signode formally terminated Wiggin soon afterward.
 
 II.
 
 4
 This court reviews de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 III.
 
 5
 Wiggin's only evidence of age discrimination is the fact that Signode articulated two different explanations for his termination, indicating once that it was because of a reduction in force, and at another time that it was because of his poor performance. Our review of the record suggests that Signode terminated Wiggin for both reasons. Wiggin did not present any other evidence to suggest that Signode was improperly motivated by concerns about Wiggin's age. Because we conclude that evidentiary support for Wiggin's claim is wholly lacking, we do not need to reach the question of whether his age discrimination claim is time-barred under Oregon law.
 
 IV.
 
 6
 WE find no merit in Wiggin's claim that Signode was contractually obligated to employ him during 1994. Wiggin argues that a 1993 memorandum from his superior changed his at-will employment status and created a contract for his continued employment in 1994. The memo stated:
 
 
 7
 It appears that based on the recent scoreboard, there must be a direct correlation between year to date sales activity and reluctance to plan and organize. Again, since our October 1992 meeting at the Red Lion in Wenatchee, we have not seen any improvement. We will not accept any more excuses or I'm sorry statements. Continuation of employment in 1994 is contingent on making goal in 1993 and going to Gold Seal.
 
 
 8
 The memo indicated that Wiggin would lose his job if he did not improve his work performance. It does promise that Wiggin would not lose his job if he did improve. A rational jury would be compelled to conclude that the author of the memo intended to discipline Wiggin, not to modify his at-will status.
 
 V.
 
 9
 We agree with the district court that Wiggin did not provide evidence suggesting that Signode terminated him in order to avoid paying benefits. Wiggin relies on the fact that he was only three years away from receiving lifetime insurance coverage when he was fired. However, no evidence suggests that Signode considered this fact when deciding to terminate his employment. Under Wiggin's analysis, any employee who is terminated within a few years of the possibility of receiving some kind of benefit could get an ERISA discrimination claim past summary judgment. We decline to enforce such a standard.
 
 VI.
 
 10
 Accordingly, we affirm the district court's summary judgment of Wiggin's claims.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3